IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS JAMES CALDWELL, | No. CIV S-11-2698-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

     Petitioner, a state prisoner, brings this action *in propria persona*. Petitioner initiated this action with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, however, clearly states in his petition that he is not challenging his conviction, but is challenging the conditions of his confinement. As he initiated this action with a habeas petition, the court classified it as such. If plaintiff's intention was to initiate a civil rights action, that classification will need to be modified.

     Before this action can proceed, petitioner's fee status must be resolved. The court notes that petitioner has filed a motion for leave to proceed in forma pauperis. However, before the court can grant his motion, it has to be determined what type of action petitioner is pursing so the court can determine the appropriate filing fees.

1   When a state prisoner challenges the legality of his custody – either the fact of
2   confinement or the duration of confinement – and the relief he seeks is a determination that he is
3   entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ
4   of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);
5   see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49
6   F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of
7   confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights
8   action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).
9   Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42
10  U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

11  While it appears petitioner wishes to challenge the conditions of his confinement,
12  as he is claiming unsanitary conditions in the kitchen, he chose to initiate this action with a
13  petition for writ of habeas corpus.  To challenge the conditions of his confinement, plaintiff
14  chose the wrong form to initiate these proceedings.  The Clerk of the Court will be directed to
15  provide petitioner with both a new habeas petition as well as a civil rights complaint, and
16  petitioner will be required to choose how he wishes to proceed and file an amended pleading.

17  To the extent petitioner was intending to initiate a civil rights action, there are a
18  few defects in his pleading that will need to be addressed in his amended pleading in order for
19  him to proceed.[1]  First, plaintiff names the State of California, Governor Jerry Brown, the
20  California Department of Corrections and Rehabilitation, Matthew Cate, Deuel Vocational
21  Institution, and Warden Salinas as "defendants" in this action.  He failed, however, to allege how
22  these individuals and/or institutions are directly responsible for the conditions complained of.

---

[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In addition, the individual defendants named appear to be named solely in their supervisorial positions. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,

862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

In addition, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Petitioner is asking for injunctive relief and money damages.  Petitioner's claims against the State of California, the California Department of Corrections and Rehabilitation, and Deuel Vocational Institution all appear to be barred by the Eleventh Amendment.  Similarly, petitioner's claim for money damages against the prison officials, at least to the extent they are

4

sued in their official capacities, would also be barred.

As for petitioner's specific claim, it appears he is attempting to state a claim for violation of his Eighth Amendment right to be free of cruel and unusual punishment, based on the condition of the kitchens and food served.  The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement.  See Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." Keenanv. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Adequate food is a basic Eighth Amendment requirement.  Keenan, 83 F.3d at 1089.  The food served to inmates is deficient under constitutional standards, even when nutritionally complete, if it is prepared under conditions so unsanitary as to make it unwholesome and a threat to the health of inmates who consume it.  See e.g., Ramos v. Lamm, 639 F.2d 559, 570–72 (9th Cir. 1980) (holding food condition constitutionally impermissible even though no specific instance of inmate sickness cited); but see LeMaire v. Maass, 12 F.3d 1444, 1456 (9th

Cir. 1993) (holding food served occasionally cold or containing foreign objects, while unpleasant, does not amount to a constitutional deprivation). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire, 12 F.3d at 1456.

If petitioner chooses to file a complaint in this action, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If petitioner chooses to file an amended petition, his amended petition must meet the requirements set forth in Rule 2 of the Federal Rules Governing Section 2254 Cases. He must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.

Petitioner must choose whether he is proceeding in this action on a petition for writ of habeas corpus or will be filing a civil rights complaint. Either way, his amended petition or complaint must be filed within the time provided in this order. Petitioner is warned that failure to file the appropriate pleading within the time provided in this order may be grounds for dismissal of this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see also Local Rule 110. Petitioner is also warned that if he files a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition is dismissed with leave to amend;

///

2. The Clerk of the Court shall send petitioner both a blank petition for writ of habeas corpus and a blank prisoner civil rights form complaint;

3. Petitioner shall choose whether he will proceed in this action with a habeas petition challenging an appropriate conviction or whether he will file a complaint to proceed in a civil rights action pursuant to 42 U.S.C. § 1983;

4. Petition shall file his amended pleading within 30 days of the date of service of this order.

DATED: April 11, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE